Irving Kaplan, Respondent, v. Jesse Kaplan, Appellant.— In an action for specific performance of an agreement made by the deceased mother of the parties, which agreement was that the mother would make certain testamentary disposition of her property, and in which action plaintiff also seeks an accounting and an injunction, defendant appeals from an order denying his motion to *dismiss the complaint on the ground that it does not state facts sufficient to*

constitute a cause of action.   Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to plaintiff to serve an amended complaint within ten days after the entry of the order hereon.   The promisor, in an agreement such as is involved in this controversy, disables himself only from making an inconsistent testamentary disposition.   During his lifetime he remains the absolute owner of his property with full right to dispose of it freely.   (*Rastetter* v. *Hoenninger,* 214 N. Y. 66; *Matter of Glen,* 247 App. Div. 518, affd. 272 N. Y. 530.)   There is no allegation in the complaint to the effect that the disposition which the promisor made of her property during her lifetime was illusory.   Consequently, to charge the promisor with having disposed of her property during her lifetime does not constitute an allegation of breach of agreement.   Accordingly it follows that a charge that defendant induced the promisor to make such transfer *inter vivos* does not constitute an allegation of actionable wrongdoing.   Nor is there any allegation that defendant induced the promisor to make a testamentary disposition which was inconsistent with the promise made in the agreement.   Adel, Acting P. J., Wenzel, MacCrate and Schmidt, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum:   On August 19, 1949, the mother of the parties made a trust agreement which provided, among other things, that upon her death, plaintiff and defendant were each to have 40% of the trust corpus.   On November 17, 1952, in consideration of the consent by the parties to the termination of the trust, the mother agreed that she would execute a will giving each of the parties 40% of her estate.   On the same date, she executed a will in conformity with her agreement.   On May 7, 1953, the mother executed another will, leaving her entire estate to defendant.   The mother died on December 10, 1953.   In his complaint, plaintiff alleges that defendant conspired with their mother and induced her to breach the agreement of November 17, 1952, · by causing her to transfer property from her name to the joint names of the mother and defendant, for the purpose of depriving plaintiff of the benefits due to him under the said agreement.   In my opinion, the complaint is sufficient. The agreement of November 17, 1952, may be read, not only as one to make a will leaving decedent's property to each of the parties in the same proportions as under the trust agreement, but also as instinct with an obligation to keep what had been the trust corpus intact during her lifetime so that neither plaintiff nor defendant would lose anything by reason of their consent to the termination of the trust.   Under these circumstances, defendant was guilty of a wrongful act if, as alleged, he induced the breach of the agreement by prevailing on decedent to transfer the property which she had agreed not to transfer during her lifetime.   The fact that the complaint does not allege that defendant induced the making of the will of May 7, 1953, is immaterial.   The transfers of decedent's property to joint names may have taken place between the making of the two wills and, therefore, the making of the later will would become unimportant.